BRENTS (CARRINGTON v.). See Case No. 2,446.

## Case No. 1,843.
### BREST v. SMITH.
[5 Biss. 62.][1]
Circuit Court, D. Wisconsin. April Term, 1860.

INSOLVENCY — DISCHARGE UNDER INSOLVENT LAW —EFFECT—JUDGMENTS—ACTION ON.

1. A New York judgment creditor, who has re-sued his judgment in the state court of Wisconsin, but also joined in insolvency proceedings in New York, cannot maintain a suit in the federal court on his Wisconsin judgment.

2. The discharge bars the New York judgment, and the other is dependent upon it.

[At law. Action by Friend Brest against John N. Smith on a judgment. Judgment for defendant.]

MILLER, District Judge. This suit is upon a judgment record from the circuit court of Rock county in this state. That suit was upon a judgment record from the state of New York. The defendant pleads a discharge from his debts by an order of the county court in the state of New York on the petition of a majority of his creditors, in which the plaintiff, residing there and being a citizen of the state, joined. The petitioner, Smith, returned the judgment in the state of New York, making no mention of the

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

judgment in Rock county in this state. This plaintiff is bound by the order of discharge, he being a citizen of that state, and, joining in the petition as a creditor, cannot controvert here the order of discharge. Clay v. Smith, 3 Pet. [28 U. S.] 411. By the constitution of the United States and the act of congress, full faith is to be given to judgments of courts of the states, and they are to be considered the same in the state where they are sued upon as in the state wherein they were originally rendered. It was not necessary for the petitioner to return the judgment in Wisconsin. The judgment in Wisconsin was dependent on the judgment in New York, and whenever the judgment in that state is satisfied, it is the duty of the court in this state, on proof of such satisfaction, to order the judgment here to be satisfied also. The defendant, Smith, might have procured satisfaction of the judgment to be entered of record in New York, by sending a certified copy of his discharge from his debts to the court wherein the judgment is recorded, and then by showing to the court in Rock county the evidence of such satisfaction by certificate from the New York court, a similar order should be made.

We will not inquire into the proceedings of the county court of New York, collaterally, as a court of review.

Being satisfied that the plaintiff cannot recover, and willing to leave the case in Rock county, an order will be made sustaining the plea.